UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSE JONES,

                Petitioner,

                                              Case Number 06-14878-BC

v.                                            Honorable Thomas L. Ludington

SHELLY BURT,

                Respondent.
_____/

## ORDER SUMMARILY DISMISSING  PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE AND DENYING MOTIONS AS MOOT

The petitioner, Jesse Jones, presently confined at the Southern Michigan Correctional Facility in Jackson, Michigan has filed a *pro se* application for writ of habeas corpus pursuant 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights.  The petitioner was convicted of two counts of criminal sexual conduct and two counts of felony firearm contrary to Michigan law.  He challenges his conviction and sentence of those crimes as well as the effectiveness of his trial attorney.  The Court now finds that Jones filed his petition outside of the applicable limitations period set forth in 28 U.S.C. § 2244(d).  The Court therefore will summarily dismiss the petition.

The petitioner was convicted on February 2, 1995 and was sentenced on October 17, 1995, and timely exercised his appeal of right from his trial court convictions.  The Michigan Court of Appeals affirmed his convictions on August 12, 1997.  *See People v. Jones*, 1997 WL  33344174 (Mich. Ct. App. Aug. 12, 1997) (per curiam).  Thereafter, the petitioner filed an  application for leave to appeal to the Michigan Supreme Court.  On November 20, 1998, the court vacated the appellate court's August 12, 1997 decision and ordered that the case be remanded to the trial court

for a hearing. The state trial court was instructed to determine whether the petitioner had notice of the pending charges in this case at the time he committed a subsequent offense. If the trial court determined that he did not have such notice, the Michigan Supreme Court ruled that the trial court could re-sentence the petitioner so that his sentence would run concurrently with his sentence in the other case as opposed to consecutively. *People v. Jones,* 459 Mich. 902, 590 N.W.2d 59 (1998).

The prosecution, however, filed a motion for reconsideration, which the Michigan Supreme Court ultimately granted. As a result, the court vacated its November 20, 1998 order, and on March 23, 1999 the court denied leave to appeal. *People v. Jones,* 459 Mich. 959, 615 N.W.2d 738 (1999). The petitioner then filed a motion for relief from judgment in the state trial court, and by his own account, a ruling was entered denying his motion on October 26, 2000.

After the trial court denied the petitioner's motion for relief from judgment, he did not file any other papers relating to his case until some time in 2004, at which time he filed a motion for re-sentencing with the trial court. The state trial court denied the petitioner's motion on October 19, 2004. The petitioner then filed a subsequent motion for re-sentencing, this time with the Michigan Court of Appeals. That motion was denied on December 17, 2004. The petitioner sought reconsideration of the court of appeals' decision, which was denied on the same day it was filed, February 18, 2005.

Thereafter, the petitioner filed an application for leave to appeal with the Michigan Supreme Court on April 4, 2005. Subsequently, he filed an "unrelated motion" challenging the same conviction with the state trial court on October 5, 2005, which the court denied. When the petitioner sought leave to appeal with the Michigan Supreme Court on October 31, 2005 with respect to the "unrelated motion," the Michigan Supreme Court construed the motion as a second motion for relief

from judgment and therefore impermissible under Michigan Court Rule 6.502(G). *People v. Jones,* 474 Mich. 900, 705 N.W.2d 123 (2005).

The instant petition followed. In his pleadings, the petitioner challenges his sentence and the effectiveness of his trial counsel in handling the sentencing portion of his criminal proceedings.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because Jones filed his petition after AEDPA's effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the petitioner's motion for relief from judgment was denied on October 26,

2000. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review" of the decision on the motion for relief from judgment. 28 U.S.C. § 2244(d)(1)(A). As a result, the petitioner's conviction became final on October 26, 2001, twelve months after trial court's decision on his motion for relief from judgment. *See* Mich. Ct. R. 7.205(F)(3). Under the statute, then, the petitioner had until October 26, 2002, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling, collateral attack pending in state court. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

The petitioner, however, filed no time-tolling or collateral attacks of his state court conviction until October 19, 2004 when he submitted a motion for re-sentencing. That motion was filed just under two years after the limitations period set forth in 28 U.S.C.§ 2244(d)(1)(A) had expired. Petitioner's habeas petition is therefore time-barred. Although the petitioner continued to pursue this matter *after* the initial four-year gap between the ruling on his motion for relief from judgment in October 2000 and the filing of his motion for re-sentencing in 2004, the limitations period already had run. The petitioner offers no explanation for his delay, and the Court finds that the petition was filed out of time.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [dkt # 1] is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the petitioner's motion for leave to proceed *in forma pauperis* [dkt # 2] is **DENIED** as moot.

It is further **ORDERED** that the petitioner's motion to stay proceedings [dkt # 3] is **DENIED** as moot.

Dated: January 24, 2007                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

-4-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 24, 2007.

        s/Tracy A. Jacobs
        TRACY A. JACOBS